```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/26/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACK RUBENSTEIN CT, LLC,

                Petitioner,

-against-

NATURALENA BRANDS, INC.,

                Respondent.

24 Civ. 6864 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Jack Rubenstein CT, LLC ("JRC"), brings this petition pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award (the "Award") against Respondent, Naturalena Brands, Inc. ("Naturalena"). *See generally* Pet., ECF No. 1; *see also* Award, ECF No. 1-1. Respondent has not appeared in this action. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

    In response to the Covid-19 pandemic, JRC, a limited liability company based in Connecticut, and Naturalena, a Nevada corporation with its principal place of business in California, entered into an agreement to source personal protective equipment ("PPE") from China and sell it in the United States. Award ¶ 2; Pet. 56.1 ¶¶ 1–3, ECF No. 8. Under the agreement, Naturalena would purchase the PPE, and JRC would sell it. Award ¶ 2. Problems quickly emerged concerning the PPE's quality and availability, and at first, the parties were able to resolve their disagreements. *Id.* ¶¶ 3–4. In January 2021, JRC placed an order with Naturalena for 24 million gloves, prepaying Naturalena over $3 million. *Id.* ¶ 5. Naturalena delivered only about 20% of that order but refused to refund JRC any of its money, asserting that JRC owed Naturalena at least that much from prior transactions. *Id.*

    In June 2022, JRC sued Naturalena in the U.S. District Court for the District of Connecticut, seeking recovery of its prepayment. Pet. 56.1 ¶ 4. Naturalena moved to compel arbitration, citing a written contract between the parties requiring them to arbitrate "[a]ll disputes arising out of or in connection with" their business relationship. Award ¶ 15; ECF No. 9-5 at 2. JRC then dismissed the Connecticut action without prejudice and initiated the arbitration proceeding at issue here before the International Chamber of Commerce. Pet. 56.1 ¶ 6. Naturalena and its affiliate consented to the arbitrator's jurisdiction and participated in an arbitration before Richard F. Ziegler. ECF No. 9-3; Award ¶¶ 16, 23–26; Pet. 56.1 ¶¶ 7–10. After conducting several conferences with the parties and holding an evidentiary hearing, Ziegler issued an order in July 2024 holding that Naturalena and its affiliate jointly and severally owed JRC compensatory damages of $2,512,379.40, pre-Award interest of $795,701.34, post-Award interest of $688.32 per day, and $367,197.81 in legal fees and costs. Award ¶¶ 43–48, 80–83, 144, 197, 206, 208.

**DISCUSSION**

      I.     <u>Legal Standard</u>

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The FAA provides that any party to an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless the award "was procured by corruption, fraud, or undue means," there existed "evident partiality or corruption in the arbitrator[]," the arbitrator exhibited "misconduct" that "prejudiced" a party, the arbitrator "exceeded [his] powers," or the arbitrator made "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. §§ 9–11.

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). An action to confirm an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid confirmation is very high." *Id.* Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." *Id.* (citations omitted).

"[A] district court should treat an unanswered . . . petition to [confirm an arbitration award] as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must consider all the evidence in the light most favorable to the nonmoving party, *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Naturalena has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

      II.    <u>Analysis</u>

JRC argues that it is entitled to confirmation of the Award and post-judgment interest. ECF No. 10 at 3. The Court agrees.

        A.  Confirmation of the Award

JRC is entitled to confirmation of the Award because it has carried its burden to demonstrate that there is no genuine dispute of material fact regarding the validity of the

arbitration. The arbitrator provides far more than the "barely colorable justification for the outcome reached," *D.H. Blair*, 462 F.3d at 110, and none of the justifications for vacating or modifying an award under 9 U.S.C. § 10 or § 11 apply. It is also clear that the parties' agreement authorized them to arbitrate disputes arising out of their business relationship. Award ¶ 15; ECF No. 9-5 at 2; *see also* ECF No. 903. Accordingly, the Court confirms the Award, which is equal to $3,675,278.50 in compensatory damages, legal fees and costs, and pre-Award interest, plus post-Award interest of $688.32 for each day between August 1, 2024, and the date judgment is entered, inclusive. *See* Award ¶ 208.

B. Post-Judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Trs. of the Loc. 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Because the Court's confirmation of the Award is a money judgment in a civil case, JRC is entitled to post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, the petition to confirm the Award is GRANTED. The Clerk of Court is respectfully directed to enter judgment against Naturalena in the amount of $3,675,278.50, plus post-Award interest at a rate of $688.32 per day accruing from August 1, 2024, through the date of judgment, and post-judgment interest at the statutory rate. The Clerk of Court is further directed to terminate the motion at ECF No. 8 and close the case.

SO ORDERED.

Dated: November 26, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge